IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v ) | Case No.: 10-10126-EFM |
| ) | |
| KENNETH WAYNE WILHELM, ) | |
| ) | |
|     *Defendant*. ) | |

## MEMORANDUM AND ORDER

Defendant Kenneth Wayne Wilhelm moves the Court for early termination of his term of supervised release. Defendant was sentenced to terms of 120 months on each of the offenses of Distribution of Child Pornography and Transfer of Obscene Material to a Minor in Interstate Commerce, with the sentences to run concurrently. Following his term of incarceration, he was placed on supervised release for a term of five years on the first count and three years on the second count, with those terms also running concurrently. His term of supervised release commenced on May 7, 2019, so to date he has served 37 months of his term of supervision.

The United States Probation Office reports that Defendant has complied with the conditions of supervision, has maintained a stable residence and employment, and that his adjustment to supervision has been positive. Nevertheless, the USPO recommends against early termination, as the defendant's federal offense is defined as a sex offense, for which by policy United States Probation Offices never recommend early termination.

The United Sates Attorney's Office also recommends against early termination. First, the United States expresses concern from the fact that this defendant "was further along the sex-offending-arc than typical." Specifically, it notes that the defendant found a minor who he groomed by providing instruction about impending sexual abuse, as well as child pornography

depicting his desires interests and activities. The images provided for grooming were, the USAO contends, more "violent and controlling" than normal, as his interest was in the "slave-master category." These underlying factors from his offense of conviction merit particular concern.

Further, the USAO notes that the factors of his satisfactory compliance with supervision and his stable situation bear less weight in this type of offense than most. Unlike defendants involved in violent offenses such as drug or gun crimes, child pornography defendants typically maintain stable employment and housing, which aids in their non-detection efforts hiding predatory activities. Those activities are best controlled by continued supervision, the USAO argues, and obtaining stability is far less an indicator of reduced likelihood of recidivism in these types of offenses than others.

Finally, the USAO's opposition cautions that relapse for these types of offenses are far more serious than others, given the nature of the victims. Indeed, the USAO points to the new and growing incidence of second-time child pornography offenders.

The Court agrees that the underlying offense in this case gives rise to heightened concern about early termination of supervision, and—particularly given the underlying facts of this defendant's conviction noted above—counsels against early termination.

IT IS THEREFORE ORDERED that Defendant's motion for early termination (Doc. 31) is denied.

IT IS SO ORDERED.

Dated this 6th day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE